**Iris Tilley,** OSB No. 101991
itilley@barran.com
**Tyler J. Volm,** OSB No. 084994
tvolm@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| SELECT TIMBER PRODUCTS LLC, FINISH INNOVATIONS LLC, BRET MORGAN, MATHEW MORGAN, AND JASON K. SCARLETT, | CV. 3:17-cv-541 |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** |
| v. | |
| STEVE F. RESCH, JR, TIMOTHY CONYARD, AND CEDAR DIRECT MINNESOTA LLC, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiffs Select Timber Products LLC ("STP"), Finish Innovations LLC, Bret Morgan,

Mathew Morgan, and Jason K. Scarlett ("plaintiffs") hereby respond to defendants Timothy

Page 1 – PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Conyard and Cedar Direct Minnesota LLC's ("CDM") (collectively, "defendants") Motion to Dismiss or for a More Definite Statement, and asks that the court deny it.

## II.    FACTUAL BACKGROUND

As set forth in plaintiffs' Complaint, plaintiffs expended considerable time and money in the development of a process to create distressed and aged-looking wood.  Complaint, ¶17 (ECF No. 1).  Defendants Conyard and CDM utilized their relationship with Steve Resch, who was a part owner in STP at the time, to gain access to plaintiffs' Confidential Process (as defined in the Complaint), including soliciting a current employee to build a replica of the wood burning machine utilized in plaintiffs' Confidential Process and flying a former employee out to Minnesota to show defendants the Confidential Process in a step-by-step fashion.  Plaintiffs then allege, based on the relationship between the defendants and the actions taken by all defendants, that each defendant knew or should have known that the information they were receiving were misappropriated trade secrets acquired by improper means.  While discovery is likely to yield additional factual support for plaintiffs' claims, the allegations are sufficient to withstand defendants' motion to dismiss.

## III.    LEGAL ARGUMENT

When ruling on a motion to dismiss for failure to state a claim under FRCP 12(b)(6), the court must view the factual allegations in the light most favorable to the pleader.  *Ileto v. Glock Inc.*, 349 F3d 1191, 1199-1200 (9th Cir 2003).  The court may not dismiss a claim based on its assessment that the pleader will fail to find evidentiary support for the allegations or fail to prove the claim to the satisfaction of the factfinder.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n 8, 127 S. Ct. 1955 (2007).

Defendants' Motion to Dismiss or for a More Definite Statement appears to hinge on defendants' claim that without a direct allegation that defendants had knowledge that plaintiffs

00651697.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

considered the burning machine and its operation to be trade secrets, there can be no misappropriation. This claim fails for two reasons.

First, plaintiffs have alleged that defendants Conyard and CDM knew or should have known that the burning machine, its operation, and the steps used in plaintiffs' Confidential Process to create distressed and aged looking wood, were trade secrets developed by plaintiffs using substantial investments of time and money. Under Oregon law, that is sufficient to state a claim for misappropriation of trade secrets. ORS 646.641(1) (defining misappropriation to include acquisition of a trade secret by a person "who knew or has reason to know" that it was acquired improperly). Defendant Conyard's claim that "he is merely a prudent business man who hired experts with particular skills and abilities to help him expand his product line" is disingenuous, and it is this type of shortcut that trade secret law was designed to prevent. Plaintiffs have stated sufficient allegations, including that defendants Conyard and CDM knew of defendant Resch's position as a then-owner in STP, that defendants substantially aided and abetted defendant Resch's efforts to violate the fiduciary duties owed to plaintiffs, and that defendants Conyard and CDM were the ultimate recipients of what they knew to be misappropriated trade secrets. Defendants Conyard and CDM were instrumental in this process, and the ultimate beneficiaries of defendants' efforts to gain improper access to the Confidential Process and they are now using that information to directly compete with plaintiffs.

Plaintiffs have presented sufficient allegations that defendants Conyard and CDM used improper means to gain access to these trade secrets and that they are now using them to compete with plaintiffs. As set forth in the Complaint, defendants Conyard and CDM conspired with defendant Resch to entice current and former employees of plaintiffs to disclose confidential trade secrets, and based on these efforts clearly knew (or at the very least should have known) that the information they were receiving was misappropriated trade secrets acquired by improper means. See Complaint, ¶¶ 28-31 (ECF No.1).

Page 3 – PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Instead of going about expanding his product line in a fair and legal fashion, defendant Conyard, through his business CDM, enlisted current and former employees of plaintiffs (in part through defendant Resch) to teach him plaintiffs' Confidential Process, knowing full well that this process was subject to trade secret protection.  Instead of performing their own research and development, defendants enticed these current and former employees to breach their nondisclosure agreements and other common law duties of loyalty owed to current and former employers, going to such great lengths as flying former STP employee, Spencer Hardy, to Minnesota to have him replicate the process that he learned while employed with STP.  To now claim that defendants were oblivious to any trade secret protections runs contrary to the action of flying Mr. Hardy across the country under a cloak of secrecy.

Even if defendants can show that they were unaware that Mr. Hardy was subject to nondisclosure obligations, the acts alleged in the Complaint are sufficient to state a claim for trade secret misappropriation, because defendants Conyard and CDM aided and abetted defendant Resch in this process, and defendant Resch was fully aware of Mr. Hardy's non-disclosure obligations since he was a former owner of STP.  The allegations set forth that defendants Conyard and CDM were aware of defendant Resch's position of trust and confidence within STP, and exploited that to gain improper access to the trade secret information that would allow CDM to compete with plaintiffs without investing the same level of time and money that plaintiffs put into the development of the process.  *See* Complaint, ¶¶ 27-28 (ECF No. 1). Discovery in this case will allow plaintiffs to further flesh out the relationship between defendants Conyard and CDM and defendant Resch, and the lengths that these defendants went to in order to misappropriate plaintiffs' trade secrets.  For example, since the filing of the Complaint, plaintiffs have discovered that defendant CDM's website has language that is taken verbatim from plaintiffs' website.  Additional discovery is likely to yield further instances of defendants' shortcuts.

00651697.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Defendants even admit that, "on the factual allegations before the Court, it is *possible* that malfeasance lies behind Conyard's actions…"  The allegations attributed to Conyard, taken in the light most favorable to plaintiffs sets forth a sufficient claim and it will be up to the trier of fact to determine whether, in fact, malfeasance lies behind defendants' actions.   It is not appropriate at this stage to assess the likelihood of malfeasance, just whether there are sufficient allegations of potential malfeasance that warrant further examination by the trier of fact.

Alternatively, and only to the extent the court agrees with defendants that the current Complaint lacks sufficient allegations to state a claim against defendants Conyard and CDM, plaintiffs respectfully request leave to amend their Complaint to list additional factual allegations against Conyard and CDM.   Based on the discussion above, and the limited investigation performed to date, it is clear that defendants Conyard and CDM took improper steps to cut corners in the attempt to expand their product line (which did not previously include distressed and aged-looking wood products similar to STP's), and that these actions would put any reasonable person on notice that they were acquiring misappropriated trade secrets.

Defendants also assert that plaintiffs' claim for intentional interference with economic relations should be dismissed because no specific contracting parties have been identified. However, plaintiffs have set forth the nondisclosure agreement that Spencer Hardy was subject to and have alleged that defendants aided and abetted defendant Resch in enticing a former employee to breach his nondisclosure obligations by flying him to Minnesota.  Additionally, and as specifically plead in the Complaint, plaintiffs allege that defendants knew of the existence of contractual relationships that plaintiffs maintained with their customers, and that the actions alleged caused interference with those customer contractual relationships.  *See* Complaint, ¶¶ 70-75 (ECF No. 1). To the extent the court finds that there are not sufficient allegations with respect to defendants Conyard and CDM, plaintiffs again request leave to amend the Complaint to add specific allegations regarding defendants' efforts in this regard.

Page 5 – PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## IV.  CONCLUSION

For these reasons, plaintiffs request that the court deny defendants' Motion to Dismiss or for a More Definite Statement, or in the alternative grant plaintiffs leave to amend their Complaint to add additional allegations against Conyard and CDM.

DATED this 13th day of June, 2017.

BARRAN LIEBMAN LLP

*s/Tyler J. Volm*

By _____

Iris K. Tilley, OSB No. 101991
itilley@barran.com
Tyler J. Volm, OSB No. 084994
tvolm@barran.com
Attorneys for Plaintiffs

Page 6 – PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2017, I served the foregoing **PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** on the following parties at the following addresses:

> Phil Nelson
> Slinde Nelson Stanford
> 111 SW Fifth Ave., Ste. 1940
> Portland, OR 97204
> Attorney for Defendant Steve F. Resch, Jr.
>
> David H. Madden
> Mersenne law
> 9600 S.W. Oak Street, Suite 500
> Tigard, OR 97223
> Attorney for Defendants Timothy Conyard and Cedar Direct Minnesota LLC

by the following indicated method or methods on the date set forth below:

☑ Electronic filing using the court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ Electronic Mail

*s/Tyler J. Volm*

Tyler J. Volm

Page 7 – PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212